IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02376-KSM-KLM

RALPH GAMBINA,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
RICHARD MADISON,
BLAKE DAVIS,
MICHAEL NALLEY,
HARRELL WATTS,

    Defendants.

---

**DEFENDANTS' MOTION TO VACATE SCHEDULING CONFERENCE AND TO STAY DISCOVERY**

---

Defendants, through counsel, move to vacate the scheduling conference and to stay discovery pending resolution of their motion for judgment on the pleadings, which they filed on December 6, 2010. Doc. 21.

Pursuant to D.C.COLO.LCivR 7.1A, the undersigned conferred with Plaintiff's counsel who opposes this motion.

**I.  FACTUAL BACKGROUND**

On September 28, 2010, Plaintiff Ralph Gambina, an inmate in the custody of the Bureau of Prisons ("Bureau") at the United States Penitentiary, Administrative Maximum ("ADX"), filed this complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendants. Doc. 1. He raises three claims, all related to his conditions of confinement at the ADX. In Claim 1, Plaintiff challenges his 1995 transfer to, and confinement in, the ADX, alleging that it violates his procedural due process rights. *Id.* ¶¶ 80-86. He alleges that Plaintiff's

transfer to the ADX in 1995 failed to provide sufficient process to protect his liberty interest. *Id.* ¶¶ 82-84. He also alleges that Defendants' decision to keep Plaintiff at the ADX "was put in place without notice, hearing, reasoned examination, or justification." *Id.* ¶ 85.

In Claim 2, an Eighth Amendment claim, Plaintiff asserts that his confinement at the ADX "constitutes cruel and unusual punishment." *Id.* ¶¶ 88-95. In Claim 3, Plaintiff raises a First Amendment retaliation claim, alleging that Defendants "have retaliated against" him for accessing the courts, by destroying his personal property in 1993, by recently failing to deliver payments to him and refusing to turn his cell lights on. *Id.* ¶¶ 99, 100, 102.

On December 6, 2010, Defendants filed an answer and moved for judgment on the pleadings, raising among other arguments, the defense of qualified immunity. Docs. 20 & 21 at 42-51.

## II.  ARGUMENT

As individual-capacity defendants, Defendants Madison, Davis, Nalley and Watts are entitled to raise the qualified immunity defense. Qualified immunity "is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1946 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Essentially, it provides immunity from suit. *Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991); *Sawyer v. County of Creek*, 908 F.2d 663, 665 (10th Cir. 1990). The Supreme Court has recognized that where a defense of qualified immunity has been raised, discovery should not be allowed until the question of immunity is resolved. *See Siegert*, 500 U.S. at 231; *Sawyer*, 908 F.2d at 665; *Bella v. Chamberlain*, 24 F.3d 1251, 1259 n.10 (10th Cir. 1994) (noting that qualified immunity shields a defendant from the burdens of discovery). Indeed, the Supreme Court recently noted that the "basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of

disruptive discovery.'" *Iqbal*, 129 S. Ct. at 1953 (quoting *Siegert*, 500 U.S. at 236).  *See also Behrens v. Pelletier*, 516 U.S. 299, 308 (1996); *Garrett v. Stratman*, 254 F.3d 946, 951 (10th Cir. 2001).

This Court has granted motions to stay discovery pending a motion to dismiss in which the defendants have raised the defense of qualified immunity.  *See Bradshaw v. Wiley*, No. 08-2542-PAB-KLM, Slip Op. at 3-4 (D. Colo. Aug. 13, 2009) (attached); *Smith v. Krieger*, 08-0251-WYD-KMT, 2008 WL 2900910, *1 (D. Colo. July 22, 2008).

The power to stay discovery lies within the sound discretion of the Court.  *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001) (citing *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986)).  This includes the "discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706-707 (1997); *see also Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1387 (10th Cir. 1994) ("Just as the trial court's determinations on allowing or denying discovery are discretionary … so is the imposition of reasonable conditions on the granting of a stay of discovery.") (internal citations omitted).

Here, three reasons support a stay of discovery.  First, the only way to protect Defendants from the burdens of discovery while the motion for judgment on the pleadings is resolved, consists in staying discovery (and vacating the scheduling conference set for February 23).  Even if Defendants' motion for judgment on the pleadings were denied, they would have the right to an immediate, interlocutory appeal before discovery could proceed.  *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008).

Second, the procedural posture of the case supports a stay of discovery and vacation of the scheduling conference.  While all Defendants moved for judgment on the pleadings, only the individual defendants raised qualified immunity as a defense.  Discovery could likely proceed against the Bureau, the individual defendants' employer.  However, allowing discovery to proceed against

the Bureau, while not against others, would prejudice all Defendants. They would be prejudiced because they would not have the benefit of conducting discovery along with the Bureau, their employer, which is possession and control of all likely relevant documents. (Such documents would include Plaintiff's medical records, his Bureau central file and incident reports, among others.) Since Plaintiff's allegations against all of the *Bivens* defendants relate to the same core operative facts, all Defendants should be allowed to conduct discovery at the same time.

Moreover, the inconvenience to the Court in case management by proceeding with discovery before the adjudication of the motion to dismiss greatly outweighs Plaintiff's interest in proceeding with the litigation. Quite the contrary, the consequences of not staying discovery would result in a bollixed case. For instance, the Bureau's discovery cutoff deadline would be earlier than for the individual defendants, and dispositive motion deadlines would be different too.

Further, staying discovery as to all Defendants will simplify the discovery process. Should Defendants' motion be granted, the entire case would be dismissed. Even if Defendants' motion is not granted in its entirety, the scope of Plaintiff's complaint likely will be narrowed, by reducing the number of defendants or claims, which in turn will simplify and focus discovery. Therefore, this Court should exercise its discretion and stay discovery.

**III.   CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court stay discovery in this case pending resolution of Defendants' motion for judgment on the pleadings. Doc. 21. Defendants will file a status report within five days of a ruling on their motion for judgment on the pleadings so that the Court may reset a new scheduling conference, if necessary.

        Respectfully submitted,

        JOHN F. WALSH
        United States Attorney

        s/Juan G. Villaseñor
        JUAN G. VILLASEÑOR
        Assistant United States Attorney
        United States Attorney's Office
        1225 Seventeenth Street, Suite 700
        Denver, Colorado 80202
        Telephone: (303) 454-0185
        E-mail:juan.villasenor@usdoj.gov

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on January 28, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

rallred@gibsondunn.com
mhudsonarney@rplaw.com

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand- delivery, etc.) indicated above the nonparticipant's name:

None.

        s/Juan G. Villaseñor
        United States Attorney's Office