IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02376-MSK-KLM

RALPH GAMBINA,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, sued in its official capacity;
RICHARD MADISON, Counselor, United States Penitentiary Administrative Maximum, sued in his official and individual capacities;
BLAKE DAVIS, Warden, United States Penitentiary Administrative Maximum, sued in his official and individual capacities;
MICHAEL NALLEY, Regional Director, North Central Region, Federal Bureau of Prisons, sued in his official and individual capacities;
HARRELL WATTS, Administrator, National Inmate Appeals, sued in his official and individual capacities,

      Defendants.

_____

## ORDER
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

      This matter is before the Court on Defendants' **Motion to Vacate Scheduling Conference and to Stay Discovery** [Docket No. 32; Filed January 28, 2011] (the "Motion to Stay").  Defendants ask the Court to stay discovery in this case until after District Judge Marcia S. Krieger has ruled on their pending Motion for Judgment on the Pleadings [Docket No. 21] (the "Motion to Dismiss").  On February 1, 2011, Plaintiff filed a Response [Docket No. 36] in partial opposition to the Motion to Stay.  Plaintiff agrees that a thirty-day stay of discovery and a thirty-day postponement of the Scheduling Conference set for February 23, 2011 are appropriate.  Plaintiff opposes an indefinite discovery stay.  For the reasons

-1-

set forth below,

IT IS HEREBY **ORDERED** that the Motion to Stay [#32] is **GRANTED in part**.

As an initial matter, the Court finds that Plaintiff's agreement to a thirty-day discovery stay and postponement of the Scheduling Conference is insufficient to address Defendants' concerns.  The Motion to Dismiss [#21] was filed on December 6, 2010.  Plaintiff filed a Response [Docket No. 31] on January 18, 2011.  Defendants filed Replies [Docket Nos. 37 & 38] on February 8 and 9, 2011.  Given that the Motion to Dismiss is just now fully briefed, it is unlikely that it will be resolved within thirty days.  Thus, a thirty-day stay of discovery and a thirty-day postponement of the Scheduling Conference will likely be inadequate to address Defendants' concerns.  Accordingly, the Court considers whether to impose an indefinite discovery stay pending resolution of the Motion to Dismiss.

The Motion to Dismiss asserts several defenses.  First, Defendants Nalley and Watts contend that the Court lacks personal jurisdiction over them.  *Motion to Dismiss* [#21] at 15-19.  Second, Defendant Bureau of Prisons ("BOP") contends that the Court lacks subject-matter jurisdiction over Plaintiff's claims seeking monetary damages from it.  *Id.* at 48.  Third, Defendants Nalley, Watts, Davis, and Madison contend that the Court lacks subject-matter jurisdiction over Plaintiff's claims seeking monetary damages from them in their official capacities.  *Id.*  Fourth, Defendants Nalley, Watts, Davis, and Madison contend that they are entitled to qualified immunity from Plaintiff's claims seeking monetary damages from them in their individual capacities.  *Id.* at 39-48.  Fifth, all Defendants contend pursuant to Fed. R. Civ. P. 12(b)(6)  that Plaintiff has failed to state a claim against them upon which relief can be granted.  Based on the defenses that each defendant has raised in the Motion to Dismiss, the Court addresses the appropriateness of staying discovery with

-2-

respect to each Defendant while the Motion to Dismiss is pending.

Defendants Nalley and Watts have asserted the defense of lack of personal jurisdiction.  When a defendant raises lack of personal jurisdiction as a defense to a claim, staying discovery with respect to that claim is appropriate.  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending).  Accordingly,

IT IS FURTHER **ORDERED** that all discovery related to Plaintiff's claims against Defendants Nalley and Watts is **STAYED** pending resolution of the Motion to Dismiss [#21].

Defendant Bureau of Prisons ("BOP") has asserted the defense of lack of subject-matter jurisdiction: "A constitutional tort action for monetary damages cannot be maintained against the United States . . . because there is no waiver of sovereign immunity for a constitutional violation."  *Motion to Dismiss* [#21] at 48 (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002)).  When a defendant raises lack of subject-matter jurisdiction as a defense to a claim, staying discovery with respect to that claim is appropriate.  *See, e.g., Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction).  Accordingly,

IT IS FURTHER **ORDERED** that all discovery related to Plaintiff's claims seeking monetary damages from Defendant BOP is **STAYED** pending resolution of the Motion to Dismiss [#21].

Because Defendant BOP has not raised any jurisdictional defenses to Plaintiff's claims against it seeking declaratory and injunctive relief – and BOP is "not permitted to assert a defense of qualified immunity" – BOP is "not entitled to a stay of discovery" on these claims. *Rome v. Romero*, 225 F.R.D. 640, 644 (D. Colo. 2004). Accordingly,

IT IS FURTHER **ORDERED** that discovery related to Plaintiff's claims seeking declaratory and injunctive relief from Defendant BOP may proceed pursuant to the Federal Rules of Civil Procedure.

Defendants Nalley, Watts, Davis, and Madison contend that the Court lacks subject-matter jurisdiction over Plaintiff's claims seeking monetary damages from them in their official capacities. The Court has already ordered that all discovery related to Plaintiff's claims against Defendants Nalley and Watts be stayed. Because Defendants Davis and Madison have raised lack of subject-matter jurisdiction as a defense to a claim, staying discovery with respect to that claim is appropriate. *See Gilbert*, 401 F.3d at 415-16.

With respect to Plaintiff's claims for declaratory and injunctive relief from Defendants Davis and Madison in their official capacities, the Court finds that it is most appropriate at this stage to require Plaintiff to obtain information related to these claims by seeking discovery only from Defendants' employer, BOP. Accordingly,

IT IS FURTHER **ORDERED** that all discovery related to Plaintiff's claims against Defendants Davis and Madison in their official capacities is **STAYED** pending resolution of the Motion to Dismiss [#21].

Defendants Davis and Madison contend that they are entitled to qualified immunity from Plaintiff's claims seeking monetary damages from them in their individual capacities.

-4-

Defendants who raise "a well-supported claim of qualified immunity" should be shielded from "'unnecessary and burdensome discovery.'" *Rome*, 225 F.R.D. at 643 (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). However, "[l]imited discovery may be necessary when the doctrine [of qualified immunity] is asserted in a motion for summary judgment on contested factual assertions." *Id.* In this case, Defendants Davis and Madison have raised a well-supported claim of qualified immunity as a defense in a Motion to Dismiss, not in a motion for summary judgment. Plaintiff's ability to respond to the Motion to Dismiss does not depend upon discovery, and the Court therefore finds that discovery against Defendants Davis and Madison as it relates to claims seeking monetary damages from them in their individual capacities is not warranted.[1] Accordingly, the Court finds that it is appropriate to stay all discovery related to Plaintiff's claims seeking monetary damages from Defendants Davis and Madison in their individual capacities.

Plaintiff's claims against Defendants Davis and Madison in their individual capacities are not easily severable into claims for monetary damages and claims for declaratory relief.[2] Plaintiff complains about Defendants' conduct and then seeks both declaratory relief and damages. Accordingly, any discovery related to the conduct of Defendants Davis and Madison will be relevant to both Plaintiff's claims seeking monetary damages from them

---

[1] Indeed, the Court notes that Plaintiff has filed a Response [#31] to the Motion to Dismiss [#21] without the benefit, or the apparent necessity, of discovery.

[2] The Court notes that while a plaintiff may bring a cause of action to obtain both declaratory relief against and monetary damages from a federal official in his individual capacity, he has no cause of action to obtain injunctive relief from the official in his individual capacity. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395-397 (1971), the Supreme Court held that a plaintiff is entitled to recover "money damages" from a federal official in his individual capacity for any injuries suffered as a result of the official's violation of the Constitution. If a plaintiff seeks injunctive relief from a federal official's ongoing violation of the Constitution, he must pursue such relief in an action against the federal government and not in an action against the official in his individual capacity.

in their individual capacities *and* his claims seeking declaratory relief against them in their individual capacities.  Under these circumstances, the Court finds that it is appropriate to stay *all* discovery related to Plaintiff's claims against Defendants Davis and Madison in their individual capacities.  Accordingly,

IT IS FURTHER **ORDERED** that all discovery related to Plaintiff's claims against Defendants Davis and Madison in their individual capacities is **STAYED** pending resolution of the Motion to Dismiss [#21].

**In summary, all discovery is stayed pending resolution of the Motion to Dismiss [#21] with the exception of discovery related to Plaintiff's claims seeking declaratory and injunctive relief from Defendant BOP.**

IT IS FURTHER **ORDERED** that the Scheduling Conference set for **February 23, 2011 at 9:30 a.m.** is **vacated**.

IT IS FURTHER **ORDERED** that, if necessary, the parties shall contact the Court to set a scheduling conference after resolution of the Motion to Dismiss [#21].


DATED: February 10, 2011 at Denver, Colorado.


BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge